Kaplan, Mitchell H., J.
INTRODUCTION
The plaintiff, Peter Sullivan, is an elevator inspector employed by the Commonwealth in the Department of Public Safety (the Department). The plaintiff alleges that under G.L.c. 30, §46(5) he is entitled to an increase in pay. He asserts that he brings this case on behalf of other similarly situated elevator inspectors. The defendants, who the court will refer to simply as the Commonwealth, maintain that this statute does not apply to the plaintiff or any other similarly situated employees of the Department. The complaint is pled in two counts: Count I seeks a declaration that the Commonwealth is in violation of G.L.c. 30, §46(5); and Count II is entitled “Mandamus” and seeks an order that plaintiff and others similarly situated be paid as required under this section. The case is before the court on the Commonwealth’s motion to dismiss. The resolution of this motion turns on the interpretation of §46(5), that is, a question of statutory construction.
FACTS
For the purpose of this motion, the following facts are assumed to be true. The plaintiff was hired as an elevator inspector on April 27, 2007. He is a member of a collective bargaining unit represented by the Alliance, AFSCME, SEIU — Unit 2. The Alliance and the Commonwealth have entered into a collective bargaining agreement (CBA) that sets the salary rates and raises for employees such as plaintiff, among other conditions of their employment with the Commonwealth. When hired, the plaintiff was placed at Step 1 of the job group that applied to his position under the CBA.
At some time after the plaintiff was hired, the Department was authorized to recruit additional elevator inspectors at a salary rate above Step 1 and did so. The plaintiff wrote to the Commonwealth directing its attention to G.L.c. 30, §46(5), asserting that the provisions of that statute applied to him, and asking to have his and other elevator inspectors’ salaries increased to equal the amounts being paid to these subsequent hires. The Commonwealth responded by stating that this statute did not apply to the plaintiff because he was covered by a CBA. The plaintiff then filed this action.
DISCUSSION
G.L.c. 30, §46(1) includes a grid that is entitled “General Salary Schedule.” It is the “pay plan” for Commonwealth employees. The first column of the grid is captioned Job Group and there are in excess of thirty such groups. Each group has seven pay steps arrayed in separate columns of increasing weekly pay rates. Directly below the grid is written the following: “The above schedule shall not apply to salaries payable to employees who are represented by an employee organization certified by the labor relations commission or recognized by a public employer as an exclusive representative under the provisions of [c. 150E, §4] . ..” The Alliance is an “employee organization” within the meaning of this sentence.
Section 46 has several other subsections, a few address specific categories of public employees, such as income tax assessors, employees of the income tax division of the department of corporations and taxation, and certain types of teachers, while most subsections address the manner in which the pay schedule is to be implemented. §46(5) provides, in pertinent part, as follows:
The said administrator may, with the approval of the commissioner of administration, permit the recruitment of employees at a rate above the minimum, but not exceeding the maximum, of the job group salary range for the class concerned; provided, however, that the said administrator shall have first determined, upon request of the appointing authority, that an emergency exists due to inability to fill positions . . . Whenever the said *244 administrator shall permit such recruitment, all employees in the same class being paid a rate or rates below such rate of recruitment shall be advanced to the said recruitment rate.
The “said administrator” presumably refers to the “personnel administrator” identified in the preceding subsection (4).
The question presented by this case is whether §46(5) covers the plaintiff and requires that his salary be increased to that of the subsequently recruited elevator inspectors, even though the job group salary ranges set out in §46(1) are inapplicable to plaintiff because he is covered by the CBA?
“It is a fundamental canon of statutory construction that ‘statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result.’ ” Boston Housing Authority v. National Conference of Firemen and Oilers, Local 3, 458 Mass. 155, 162 (2010), quoting Sullivan v. Brookline, 435 Mass. 353, 360 (2001). The application of that fundamental canon to the issue presented by this case is not simple. On the one hand, the Legislature has clearly stated that when a state agency must recruit at a higher salary rate than that being paid existing employees doing the same job, those employees should have their salary rates bumped up to that of the new recruits. In other words, they should not be doing the same job for less money simply because economic conditions were such when they were hired, that starting pay was less. In theory, there is no reason that this legislative goal should not also apply to employees who are covered by a CBA. On the other hand, the structure of §46 suggests that subsection (5), as well as the other subsections of §46 through which the General Salary Schedule is implemented, are intended only to apply when salaries are set by §46(1) and not by aCBA. When they are, the “job group salary range” specifically referenced in §46(5) and many of the other subsections is inapplicable.
The court finds some guidance in Commonwealth v. Labor Relations Comm., 404 Mass. 124 (1989). In that case, the Supreme Judicial Court was called upon to decide whether the Commonwealth had a duty to bargain over the salaries for a new class of positions required by new legislation that amended G.L.c. 30, §§45 and 46. The Court concluded that it did. It reasoned that G.L.c. 150E, §6 requires a public employer to bargain with the exclusive representative of public employees with respect to wages, hours, and other conditions of employment. “General Laws c. 150E, §7(d), provides in part that, with respect to matters that are within the scope of negotiations under §6, such as salaries, the terms of a collective bargaining agreement will prevail over certain enumerated statutes dealing with the same matters. Those enumerated statutes, generally, are specific mandates to do or not to do something in connection with the terms and conditions of employment of public employees. Conversely, statutes not specifically enumerated in §7(d) will prevail over contrary terms in collective bargaining agreements.” (internal citations and quotations omitted). Id. at 126. That case, as in the one now before the court, involved the relationship between G.L.c. 30, §46 and a CBA; this statute is among those listed in G.L.c. 150E, §7(d).
The plaintiff argues that there is nothing inconsistent between the CBA in question and §46(5). He attached to his memorandum in opposition to the Commonwealth’s motion a part, but not all, of the CBA that addresses salary rates and posits that there is nothing in that section of the agreement that precludes the mandate that his pay be increased to that of the new recruits. At oral argument, the plaintiff acknowledged that the Alliance and the Commonwealth could have bargained away the effect of subsection (5), but, according to him, they did not; and, since there are no specific contrary terms in the CBA, he is entitled to the benefit provided him by §46(5). However, in its letter to the plaintiff (exhibit 1 to the complaint) denying his request for a salary increase, the Commonwealth wrote: “Unfortunately, Article 12 Section 4(A) and Section6(C) of the CBA prevents the Department from making salary adjustments for our present inspectors.” There is therefore, at least, a difference of opinion concerning whether the CBA addresses this set of circumstances.
Clearly, salaries and raises are subjects as to which the Alliance and the Commonwealth are directed to bargain by G.L.c. 150E, §6 and as to which collective bargaining “prevails” over statutorily mandated conditions of employment. And, when public employees are governed by a CBA, the General Salary Schedule set out in §46(1) has no application to them. Further, if there is any inconsistency between any provision in §46 and the CBA, the CBA controls. Moreover, the part of the CBA that plaintiff has attached to his opposition states: “An employee shall progress from one step to the next higher step after each fifty-two weeks of creditable service in a step commencing from the first day of the payroll period immediately following his/her anniversary date.” It includes no exception for circumstances in which new recruits are paid more than plaintiff.
In consequence, the court concludes, first, that §46(5) does not apply to public employees who are covered by a CBA because the term “job group salary range” as used in that section has no antecedent when there is a CBA. The Commonwealth and the employee organization will have engaged in negotiations concerning conditions of employment and may have agreed upon salaries that have different attributes, or different rights with respect to raises, than those set out in §46, and the court concludes that the Legislature did not intend the court to examine the salaries negotiated in a CBA to determine if they are suffi *245 ciently similar to those set out in the statutory grid that §46(5) should apply to employees covered by that CBA.
Moreover, even if the court erred in finding that §46(5) does not apply if there is a CBA, it seems that the CBA that governs plaintiff has a provision that dictates when an employee will move to the next step, which provision does not have an exception or addendum covering the circumstance in which a new recruit is being paid more than the previously hired employee.
The court, however, does make the following observation that may, or may not, be relevant here. The Commonwealth, having argued that §46(5) does not apply to employees covered by a CBA, is not entitled to rely on §46(5) to support a decision to recruit new employees at salaries that exceed those being paid existing employees, if such action is inconsistent with provisions of the CBA or potentially should have been the subject of mandatory bargaining. The court has not been provided with a complete copy of the CBA and expresses no opinion on whether the Department’s recruitment of new elevator inspectors at salaries that exceeded the plaintiffs was permitted by the CBA, but clearly the Commonwealth cannot argue for the flexibility provided by §46(5) without the burden that goes with it.
ORDER
For the foregoing reasons, the Commonwealth’s motion is ALLOWED. Final judgment shall enter dismissing the complaint.