The plaintiff appeals the decision of the Commonwealth Employment Relations Board (board) assessing the measure of damages he suffered as a result of the American Federation of State, County and Municipal Employees Council 93, Local 1700's (union) failure to make a timely grievance of his lay off. He alleges that the board's determination that he is entitled to thirty-four days of lost wages was based on an error of law, arbitrary and capricious, unwarranted by the facts found, or otherwise unsupported by substantial evidence. We affirm.
1. Background. The plaintiff, through his mother, contacted the union on November 30, 2006, requesting assistance with his lay off from the town of Rockland (town) highway department. Rather than complying with the collective bargaining agreement's (agreement) provisions for handling a grievance, in particular §§ 4.6[3] and 4.12,[4] the union declined to file a grievance on his behalf. Following a hearing before the Department of Labor Relations (DLR), a hearing officer found that the union violated G. L. c. 150E, § 10(b )(1). On appeal by the union, the board issue a decision and order dated May 18, 2012, upholding the hearing officer's finding that the union acted perfunctorily in response to the plaintiff's November 30, 2006, request for assistance, in violation of G. L. c. 150E. In light of this finding, the board ordered the union to make the plaintiff "whole for loss of compensation that he suffered as a direct result of the Union's failure to process [the plaintiff's] grievance over the timing of his layoff." The board further ordered the union "to provide [the plaintiff] the grievance remedy that would have been sought from an arbitrator based on [the plaintiff's] being laid off before the conditions precedent set forth in Section 4.6 and 4.12 were met."[5]
In a "Ruling on Motion for Clarification" of the earlier May 18, 2012, decision and order, the board clarified that the union was to "make [the plaintiff] whole" by compensating him for the thirty-four days of lost wages "he would have received from November 30, 2006, his final day of work for the Town, until January 3, 2007, plus interest on all money due at the rate specified in G. L. c. 231, § 6I." The board rejected the plaintiff's assertion that he should be reinstated and awarded full back pay, asserting it was "pure conjecture" that the union would have prevailed in avoiding the lay off entirely, especially in light of the town's vote to reduce the highway department's budget.
2. Discussion. Upon review, this court must affirm the decision of an administrative agency unless it is
"(a) [i]n violation of constitutional provisions; or (b) [i]n excess of the statutory authority or jurisdiction of the agency; or (c) [b]ased upon an error of law; or (d) [m]ade upon unlawful procedure; or (e) [u]nsupported by substantial evidence; or (f) [u]nwarranted by facts found by the court on the record ...; or (g) [a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."
G. L. c. 30A, § 14(7). See Somerville v. Commonwealth Employment Relations Bd., 470 Mass. 563, 567-568 (2015). In so doing, we "give due weight to the experience, technical competence, and specialized knowledge of the agency." G. L. c. 30A, § 14(7). See Commonwealth v. Labor Relations Commn., 404 Mass. 124, 127 (1989). We give great deference to an agency's interpretation of its own rules, and the party challenging that interpretation has a " 'formidable burden' of showing that the interpretation is not rational." Ten Local Citizen Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010).
The plaintiff alleges that the board's determination was arbitrary and capricious, not based on substantial evidence, unwarranted by the facts found, and based on an error of law. We disagree. When the board determines that a violation of G. L. c. 150E, § 10, has taken place, it has broad discretion to fashion an appropriate remedy in accordance with G. L. c. 150E and analogous Federal law. See Labor Relations Commn. v. Everett, 7 Mass. App. Ct. 826, 829-830 (1979). See also Brookfield v. Labor Relations Commn., 443 Mass. 315, 325-326 (2005) (upholding interest award as consistent with Labor Relations Commission's "make whole remedy").
The record contains ample evidence to support the board's remedy determination. It is undisputed that the union did not satisfy the requirements of the agreement, in particular §§ 4.6 and 4.12. Section 4.12 of the agreement does not guarantee any particular outcome, rather, it was within the board's broad discretion to quantify the promise of a § 4.12 meeting into a thirty-four day remedy. The board reasonably found that the union's inaction ultimately resulted in the plaintiff's four-day loss of work between November 30, 2006, and the town's vote to reduce the highway department's budget. It further found that, had the union prevailed in arbitration, it would have delayed the date of the lay off and town vote until the union had the opportunity to meet with the town thirty days prior to any lay off. This remedy puts the plaintiff in as close a position he would have been in but for the union's breach. See Boston v. Commonwealth Employment Relations Bd., 453 Mass. 389, 402 (2009).[6]
Ruling on motion for clarification issued by the Commonwealth Employment Relations Board on March 31, 2016, affirmed.

Section 4.6 defines lay off as "a reduction in the number of employees in a job title within the bargaining unit because ... a Town meeting fails to vote to provide the necessary funds to perform the work."

Section 4.12 states: "The Town shall meet with the Union to discuss any impending layoffs at least thirty (30) days prior to such layoff."

The board also ruled that the union did not breach its duty of fair representation with respect to the union's actions prior to November 30, 2006. The plaintiff appealed to this court. See Chase v. Commonwealth Employment Relations Bd., 88 Mass. App. Ct. 1103 (2015). We affirmed that portion of the board's ruling and need not address the union's actions in this appeal.

In fact, had the union secured the same remedy through arbitration, this court would have limited review of the award, pursuant to G. L. c. 150C, § 11, since "[a]rbitrators have broad discretion in interpreting collective bargaining agreements and in providing complete relief to an aggrieved party." Duxbury v. Duxbury Permanent Firefighters Assn., Local 2167, 50 Mass. App. Ct. 461, 464 (2000).